## Commonwealth *vs.* John J. O'Connor.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, after evidence that a drainer was found in the defendant's shop, the defendant may introduce evidence of his own declarations to the maker of the drainer at the time of ordering it, stating the purpose for which he intended to use it.

Complaint on *St.* 1855, *c.* 215, § 24, for keeping intoxicating liquors with intent to sell. At the trial in the court of common pleas in Hampden the Commonwealth put in evidence a drainer found in the defendant's shop, and contended that it was one implement of the traffic in intoxicating liquor. The defendant called a witness who testified that he made the drainer for him three weeks before it was so found; and proposed to ask the witness whether at the time of ordering the drainer he told the witness what he wanted it for, or gave any directions as to the form in which it should be made, to adapt it to any particular purpose; and stated that he proposed to prove that the defendant ordered it to be made in a particular manner and for a particular and innocent purpose. But *Morris*, J. refused to permit the questions to be answered, and the defendant was convicted and alleged exceptions.

*G. M Stearns*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

Thomas, J. The evidence as to the drainer found in the defendant's shop was competent to show the possession by the defendant of an usual implement in the sale of intoxicating liquor. It was competent for the defendant to meet this evidence by showing that the drainer was procured for a different purpose. The declaration made by the defendant, at the time of ordering the drainer to be made, of the purpose for which it was to be made, was competent as part of the *res gestæ*, qualifying and explaining an act done.     *Exceptions sustained.*